IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CARSON BRILL,[1] | § |
| | § No. 43, 2021 |
| Defendant Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CS08-02892 |
| BIONCA LANG, | § Petition No. 19-10019 |
| | § |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: June 25, 2021
Decided: August 10, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the opening brief and the record on appeal, it appears to the Court that:

(1)    The appellant ("Father") filed this appeal from the Family Court's order, dated January 11, 2021, that granted sole legal custody and physical placement of the parties' child to the appellee ("Mother"), with visitation between the child and Father to occur as agreed by the parties.  On appeal, Father contends that the Family Court lacks authority to award sole legal custody to one parent

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

without the consent of the other parent and that the Family Court's order granting sole legal custody to Mother violated Father's due process rights.

(2)     The Delaware General Assembly has vested the Family Court with jurisdiction to decide a petition for custody of a child.[2]  Title 13, Section 721(e) of the Delaware Code provides that a custody proceeding between parents shall be determined in accordance with the best interests of the child, as set forth in 13 *Del. C.* § 722.  The law does not require that one parent consent in order for the Family Court to grant sole legal custody to the other parent, and Father's reliance on *Troxel v. Granville*[3] is misplaced.[4]

(3)     Finally, to the extent that Father claims that the Family Court erred in connection with the hearing itself, Father has not provided a transcript of the Family Court proceedings.  The record provided to this Court in an appeal must include a transcript of all evidence relevant to the challenged finding or conclusion.[5]  As the appellant, Father had the burden of submitting a transcript of the hearing to support his claims.[6]  He declined to do so, and therefore there is no basis on which to accept his conclusory claims of error.

---

[2] 10 *Del. C.* § 921(3).

[3] 530 U.S. 57 (2000).

[4] *Cf. Smith v. Guest*, 16 A.3d 920, 930-31 (Del. 2011) (distinguishing *Troxel*, which involved a petition by a nonparent third party for visitation, from a custody dispute between two people with coequal parental interests).

[5] *Hunter v. Gamble*, 2018 WL 6505988 (Del. Dec. 10, 2018).  *See also* DEL. SUPR. CT. R. 9(e)(ii), 14(e).

[6] *Hunter*, 2018 WL 6505988, at *2.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice